UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


UNITED STATES OF AMERICA,

        Plaintiff,

                                    File No.  1:05-CR-150

v.

                                    HON. ROBERT HOLMES BELL

PEDRO FABIAN AVILA,

        Defendant.

_____/

**O P I N I O N**

This matter is before the Court on Defendant Pedro Fabian Avila's motion to dismiss

on grounds of prejudicial pre-indictment delay.  Defendant was indicted on June 14, 2005,

on a charge of illegal reentry of a deported alien in violation of 8 U.S.C. § 1326(a).

Defendant contends that federal authorities were aware of his immigration status on

January 14, 2005, when he was arrested on drug-trafficking charges, and that their failure to

indict him until five months later constitutes excessive pre-indictment delay in violation of

his right to due process.

Statutes of limitation provide the "primary guarantee" against the prosecution of

"overly stale criminal charges." *United States v. Lovasco*, 431 U.S. 783, 789 (1977) (quoting

*United States v. Marion*, 404 U.S. 307, 322 (1971).  Nevertheless, the Supreme Court

acknowledged that statutes of limitations do not fully define a defendant's rights with respect

to events occurring prior to indictment, and that the Due Process Clause has a limited role to play in protecting against "oppressive delay." *Id.*

The Sixth Circuit has consistently read *Lovasco* to hold that "[d]ismissal for pre-indictment delay is warranted only when the defendant shows [1] substantial prejudice to his right to a fair trial and [2] that the delay was an intentional device by the government to gain a tactical advantage." *United States v. Brown*, 959 F.2d 63, 66 (6th Cir. 1992) (quoting *United States v. Brown*, 667 F.2d 566, 568 (6th Cir. 1982)).  In other words, the Court must consider both the prejudice to the defendant and the reasons for the delay. *United States v. Atisha*, 804 F.2d 920, 928 (6th Cir. 1986).

Defendant asserts that he has and will suffer substantial prejudice because: 1) he was held on an immigration hold while his state case was being litigated and was unable to post bond, 2) he had little incentive to pursue defenses in the state case because the immigration hold caused him to be incarcerated for the same amount of time he would be incarcerated if he simply pled guilty to the state case, 3) the federal sentence will be effectively consecutive to the state sentence, and 4) the state conviction will increase Defendant's federal sentencing guideline range.

No hearing is necessary to resolve this motion.  Even if this Court accepts as true all of the allegations in Defendant's motion, Defendant has failed to show substantial prejudice to his right to a fair trial.  Defendant has not shown that the delay caused the loss of a witness or evidence.  Neither has he shown that his plea of guilty on a drug charge will prejudice his

ability to challenge the charge of illegal re-entry following deportation.  Defendant has not shown that any of the concerns he has raised will negatively impact his ability to defend on the charge of illegal reentry.  Accordingly, Defendant has failed to meet the first prong of the test outlined in *Brown*.  959 F.2d at 66.

Furthermore, Defendant has presented no evidence to suggest that the government delayed the indictment for the purpose of gaining a tactical advantage.  Neither has he alleged any facts from which an improper motive might be inferred.  Defendant concedes that he does not know the reasons for the delay, but suggests that the burden should shift to the government to explain why it waited so long to bring the indictment.

In its response to the motion the government has explained that at the time of his arrest Defendant had a Michigan driver's license bearing the name of Omar Eduardo Avila and advised the agent first that his citizenship and place of birth were the United States, and then that they were Venezuela.  Only after running his fingerprints did the agent learn that Defendant's name was Pedro Fabian Avila and that he is an illegal alien with a birthplace of Mexico.  The government's investigation revealed that Defendant has also used the names Eduardo Osario and Fabian Avila-Diaz.  Although Defendant subsequently made a verbal admission that he is Pedro Fabian Avila, the government was required to investigate the Defendant's country of citizenship and birth. The government's stated reasons for the passage of time are reasonable and do not suggest an improper motive.

Finally, there was no substantial delay in this case.  His indictment on this illegal

reentry charge was filed five months after he was arrested on state drug charges and one day

after the agents brought the case to the United States Attorney's Office.  The five months

between his arrest on state charges and the filing of the federal indictment was not such a

lengthy delay as could be considered oppressive, particularly in light of the government's

need to investigate Defendant's identity and background.  The Sixth Circuit has upheld far

longer periods of pre-indictment delay as consistent with due process.  *See, e.g., Brown*, 959

F.2d at 67 (upholding delay of eleven months); *United States v. DeClue*, 899 F.2d 1465, 1469

(6th Cir. 1990) (upholding delay of at least thirty-three months); *Atisha*, 804 F.2d at 927-28

(upholding delay of at least twenty-nine months); *Brown*, 667 F.2d at 568 (upholding delay

of approximately five years).

For all the reasons stated above the Court will deny Defendant's motion to dismiss the

federal charges on grounds of pre-indictment delay.

An order consistent with this opinion will be entered.


Date:  ___August 24, 2005___          /s/ Robert Holmes Bell_____
                                      ROBERT HOLMES BELL
                                      CHIEF UNITED STATES DISTRICT JUDGE